**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02556-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Armando Castro-Torres, | |
| Defendant. | |

    Pending is Defendant Armando Castro-Torres's Motion to Return Property. (Doc. 46.) Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, Mr. Castro-Torres moves for the return of $367.00 taken from his wallet at the time of his arrest. (*Id.*) Mr. Castro-Torres was arrested on September 11, 2019, and charged with transportation of illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(a)(1)(B)(i). (Doc. 18.) Mr. Castro-Torres pled guilty pursuant to a written plea agreement. (Docs. 21-22.) He argues that the $367.00 taken from his wallet was earnings from his job as a painter and not proceeds of the illegal activity for which he was convicted. (Doc. 46.) In its Response, the Government argues that it provided timely and proper notice of forfeiture to Mr. Castro-Torres, and that Mr. Castro-Torres never responded by filing a petition for remission or mitigation. (Doc. 47.)

    Proceedings for the forfeiture of property used for smuggling and transporting aliens are governed by the civil forfeiture provisions of 18 U.S.C. § 983, which requires that the government send written notice to interested parties "in a manner [designed] to

achieve proper notice as soon as practicable." Mr. Castro-Torres cites caselaw holding that the Government cannot comply with its notice requirement by sending notice to the residential address of a person that it knows is incarcerated. (Doc. 46.) Here, Mr. Castro-Torres was arrested on September 11, 2019, and released on his own recognizance with conditions the next day. (Doc. 3.) A letter dated September 17, 2019, and captioned "NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS CAFRA FORM," was mailed to the address that Mr. Castro-Torres provided upon his arrest. (Doc. 47, Ex. B). The Notice described the seized property with particularity and set forth in detail the manner in which he could contest the forfeiture or seek return of the assets. (*Id.*) The letter containing the notice was not returned to the Government as undeliverable. (Doc. 47.) After Mr. Castro-Torres's deadline to file a petition passed, a Notice of Seizure and Intent to Forfeit was published pursuant to statute on www.forfeiture.gov. (Doc. 47, Ex. C.) Mr. Castro-Torres was arrested and taken back into custody on a pretrial release violation on October 4, 2019. (Doc. 26.)

The Court finds that the Notice provided by the Government was "reasonably calculated" to apprise Mr. Castro-Torres of the Government's intent to seek forfeiture. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The Government sent a detailed Notice to the address provided by Mr. Castro-Torres. Mr. Castro-Torres was not in custody at the time the Notice was sent and he was not re-arrested for more than two weeks after the Notice was sent. The Notice was not returned to the Government as undeliverable. Mr. Castro-Torres does not allege that the Government knew or should have known that actual notice had not been accomplished. The Government also appears to have complied diligently with the statutory requirements for seeking forfeiture. Under these circumstances, the Court will deny Mr. Castro-Torres's Motion for Return of Property. (Doc. 46).

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Defendant Armando Castro-Torres's Motion for Return of Property (Doc. 46) is **denied**.

Dated this 19th day of May, 2020.

                                          Honorable Rosemary Márquez
                                          United States District Judge